10-122-ag
Yang v. Holder

BIA
Chew, IJ
A029 829 775

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of June, two thousand twelve.

PRESENT:
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> *Circuit Judges*.

_____

BIAO YANG,
> *Petitioner*,

v.                                                          10-122-ag
                                                            NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,

> *Respondent*.

_____

FOR PETITIONER:          Gary J. Yerman, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; William C. Peachey, Assistant Director; Daniel E. Goldman, Senior Litigation Counsel; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Biao Yang, a native and citizen of China, seeks review of a December 28, 2009, order of the BIA denying Yang's motion to remand and affirming the February 20, 2008, decision of Immigration Judge ("IJ") George T. Chew, which denied Yang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Biao Yang,* No. A029 829 775 (B.I.A. Dec. 28, 2009), *aff'g* No. A029 829 775 (Immig. Ct. N.Y. City Feb. 20, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Yang argues that the IJ erred in basing his adverse credibility determination on "a single discrepancy" and in failing to consider Yang's explanation for this discrepancy. At a 1997 hearing, Yang testified he was detained and interrogated due to his participation in the 1989 demonstrations, but at a 2008 hearing, he testified that in addition to being detained, he was beaten, kicked, and tortured. As this hearing pertained to an asylum application filed in 2006, the REAL ID Act applied; therefore, the agency was permitted to base its credibility determination on any inconsistency, regardless of whether it went to the heart of Yang's claim. See 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 (2d Cir. 2008) (holding that for purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent."). Moreover, contrary to Yang's contention, there is no evidence that the IJ did not consider Yang's explanations, or that the IJ was required to credit his explanations that he was confused at the 1997 hearing. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Consequently, the BIA reasonably concluded that the IJ's adverse credibility determination was not clearly erroneous.

Yang also challenges the agency's finding that he failed to establish a well-founded fear of future persecution based on having fathered three children in the United States. Contrary to Yang's contention, the agency's decision not to credit the notice of the Dongqi Village Committee was reasonable, as it was not authenticated, and as the IJ had found Yang not credible. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007) (concluding that the BIA's decision not to credit an unauthenticated foreign document was reasonable where the IJ found the petitioner not credible); *see also Shunfu Li v. Mukasey*, 529 F.3d 141, 149 (2d Cir. 2008) (holding that this Court affords IJs "considerable flexibility in determining the authenticity of . . . documents from the totality of the evidence"). Moreover, that notice does not compel a conclusion that Yang established his eligibility for relief, because it merely referenced the family

planning policy's mandatory sterilization requirement without indicating that sterilizations are carried out by force. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 165, 172 (2d Cir. 2008) (upholding the BIA's determination not to infer a reasonable possibility of persecution where petitioner submitted official documents from Chinese authorities which referenced "punishment" but did not indicate that sterilization would be carried out by force). Neither will we disturb the BIA's decision to give little weight to the letters from Yang's wife and mother, as the letters did not detail any forced sterilizations of Chinese nationals returning to China with U.S. citizen children. *See Jian Hui Shao*, 546 F.3d at 160-61, 170-71 (emphasizing need for reliable, specific, objective evidence that fear was objectively reasonable and upholding agency's determination that petitioner failed to meet burden because he did not submit evidence of forced sterilizations of similarly situated people); *see also Xiao Ji Chen*, 471 F.3d at 342 (holding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the IJ).

Yang contends that the BIA erred in failing to fully consider evidence that evinced a policy of forced sterilization in his home province. Contrary to his assertion, the BIA carried out an individualized review and reasonably relied on evidence in the record, including a report published by the United States Department of State, in reaching its determination. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006) (holding that State Department reports are probative). Given that the record evidence did not demonstrate that the Chinese government has a policy of enforcing the family planning policy through forced sterilizations, the BIA reasonably concluded that Yang failed to establish an objectively reasonable well-founded fear of persecution. *See Jian Hui Shao*, 546 F.3d at 172-73 (holding that the BIA was not compelled to conclude there was an objectively reasonable fear of persecution where evidence did not show mandatory sterilization would be enforced by force).

Because Yang's asylum and withholding of removal claims were based on the same factual predicates, the agency's adverse credibility determination and conclusion that Yang failed to demonstrate an objectively reasonable well-founded fear were a proper basis for the denial of both claims. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Yang has waived his CAT claim by failing to meaningfully argue that claim in his brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

As to the BIA's denial of remand, there was no abuse of discretion, as Yang is not eligible for cancellation of removal under Immigration and Nationality Act § 240A(b). Removal proceedings replaced deportation proceedings in immigration cases commenced on or after April 1, 1997. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Division C of Pub.L. No. 104-208, 110 Stat. 3009-546. Because Yang's proceedings commenced in 1994, prior to the IIRIRA's effective date, the provisions regarding cancellation of removal do not apply to him. *See* 8 U.S.C. § 1229b(b) (setting forth eligibility requirements for cancellation of removal); *Escobar v. Holder*, 567 F.3d 466, 475 (9th Cir. 2009) ("The possibility of cancellation only arises when removal proceedings have been initiated."); *Dandan v. Ashcroft*, 359 F.3d 567, 575-76 (9th Cir. 2003) (holding that petitioner who would have been entitled to consideration of his suspension of deportation application if he had been placed in proceedings before the effective date of IIRIRA was not so entitled where Notice to Appear was

filed after IIRIRA's effective date); *see also Rojas-Reyes v. INS*, 235 F.3d 115, 125 (2d Cir. 2000) (describing the administrative "repapering" procedure whereby aliens in deportation proceedings rendered ineligible for suspension of deportation by virtue of IIRIRA's retroactive stop-time rule could seek termination of deportation proceedings and initiation of removal proceedings in order to apply for cancellation of removal).  Instead, Yang was required to seek suspension of deportation under 8 U.S.C. § 1254(a)(1) (repealed in 1996 with the enactment of IIRIRA), but failed to do so.  *Cf. Arenas-Yepes v. Gonzales*, 421 F.3d 111, 116-17 (2d Cir. 2005) (holding that because petitioner's proceedings commenced after the enactment of IIRIRA, petitioner was statutorily ineligible for suspension of deportation).

For the foregoing reasons, the petition for review is DENIED.  Yang's motion for a stay of removal is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4